IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BILLY KEITH ELLISON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 2:21-cv-716-MHT-CWB |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* Amended Complaint (Doc. 6) filed by Billy Keith Ellison. Pursuant to 28 U.S.C. § 636, referral has been made to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 3). For the reasons set forth below, the undersigned Magistrate Judge now recommends that the Amended Complaint (Doc. 6) be dismissed without prejudice.

**I.  Introduction**

Ellison originally filed this case on October 26, 2021 against the following defendants: State of Alabama; State of Missouri; State of Utah; State of Minnesota; Montgomery County Jail; Internal Revenue Commission of Alabama; and Alabama State Employees Bank. (Doc. 1). Along with the complaint, Ellison filed an application to proceed *in forma pauperis*. (Doc. 2). *In forma pauperis* status thereafter was granted, and service of process was deferred pending a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 4).

By Order entered December 28, 2022, Ellison was informed that the Complaint was "deficient under Rules 8 and 10 of the Federal Rules of Civil Procedure" in that it "does not offer any factual allegations to support a viable cause of action against any of the defendants" and thus

1

failed to "offer enough well-pleaded allegations to demonstrate a plausible right to relief." (Doc. 5 at p. 3).  In affording an opportunity to replead, the undersigned stated that Ellison "should avoid conclusory, vague, ambiguous, or repetitious recitations of facts" and instead "must focus on providing 'a short and plain statement' of facts that would permit the defendants to file a meaningful response" (citing Fed. R. Civ. P. 8(a)(2)).  (*Id*. at p. 4).  Ellison was further instructed that he "must clarify which facts support claims against which of the defendants" and that he "may not assert claims against 'all defendants' without identifying the specific factual allegations against each defendant involved." (*Id*.).

In its concluding section, the December 28, 2022 Order further directed Ellison to file an Amended Complaint meeting the following specific requirements:

   a. the Amended Complaint must include a short and plain statement of Plaintiff's claim(s) and identify any federal cause(s) of action under which Plaintiff brings his claim(s) <u>or</u> allege sufficient facts to support diversity jurisdiction;

   b. the Amended Complaint must clearly identify the applicable federal, state, or local law or laws within each claim asserted;

   c. the Amended Complaint must contain specific factual allegations about each defendant's conduct (*i.e.*, what actions each defendant took that constitute the claims(s) being alleged by Plaintiffs), clearly indicating which specific factual allegations provide support for which claim(s) against which of the defendants and noting the relevant dates of all such actions;

   d. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

   e. the Amended Complaint must contain a demand for relief;

   f. the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief; and

   g. The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.

2

(*Id*. at pp. 4-5).

Although Ellison did file an Amended Complaint (Doc. 6) by the imposed deadline, the undersigned finds that the amendment is deficient and that dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**II.    Legal Standard**

Because Ellison's request to proceed *in forma pauperis* was granted, the court is authorized to engage in a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) in turn provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous[1] or malicious, (ii) fails to state a claim on which relief may be granted;[2] or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative

---

[1]    A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

[2]    Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

3

level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 "short and plain statement" requirements and set out grounds for both jurisdiction and entitlement to relief. *See* Fed. R. Civ. P. 8(a).

Moreover, federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Courts are to presume that claims "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

**III. Discussion**

Despite the instructions in the December 28, 2022 Order, the Amended Complaint suffers from many—if not all—of the same fatal flaws as Ellison's original pleading. The Amended Complaint is rambling and mostly incoherent as to the allegations against the defendants. *See Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (citation omitted). As pleaded, the Amended Complaint does not comply with the requirements set

forth in Rule 8 of the Federal Rules of Civil Procedure and constitutes what is commonly referred to as a "shotgun pleading." *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.2d 1313, 1320 (11th Cir. 2015). "A shotgun pleading is one where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Nurse v Sheraton Atlanta Hotel*, 618 F. App'x at 987, 990 (11th Cir. 2015) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) pleadings that "contain[ ] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321-23 (footnotes omitted).[3]

---

[3] "[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court 'should strike the [pleading] and instruct [the party] to replead the case—if [the party] could in good faith make the representations required by Fed. R. Civ. P. 11(b).'" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (citation omitted). "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). The undersigned afforded Ellison such an opportunity as reflected in the December 28, 2022 Order. (Doc. 5 at pp. 4-5).

Here, the Amended Complaint provides a textbook example of a shotgun pleading: it is not divided into counts or causes of action; it is filled with vague, rambling, and confusing factual allegations not tied to any federal, state, or local law; and it does not specify which allegations apply to which of the defendants. All such characteristics have been deemed insufficient "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. 792 F.3d at 1323. In short, the Amended Complaint does not contain sufficient structure or content for the court to discern any viable cause of action against any of the defendants.

Equally problematic is that the Amended Complaint contains no averments regarding jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction and that the burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *See Kokkonen*, 511 U.S. at 377; *Burns*, 31 F.3d at 1095. If jurisdiction is predicated upon a federal question, the plaintiff must show that he is bringing a cause of action under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Alternatively, diversity jurisdiction may be established where there is a complete diversity of citizenship between all plaintiffs and all defendants, along with an amount in controversy exceeding $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Despite the express instructions in the December 28, 2022 Order to plead a basis for jurisdiction (Doc. at p. 4), Ellison failed to do so in the Amended Complaint (Doc. 6). As a result, there is no footing to which the court can possibly moor a finding of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Finally, Ellison has continued to name as defendants the State of Alabama, the State of Missouri, and the State of Utah. (Doc. 6). However, the Eleventh Amendment to the

United States Constitution bars suits against a State and its agencies, regardless of the relief being sought:

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011). "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*. Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015); *Papasan v. Allain*, 478 U.S. 265 (1986). Accordingly, even had the Amended Complaint otherwise stated a claim, any such claim against a State or its agencies would be conclusively barred by Eleventh Amendment immunity.[4]

**IV.    Conclusion**

For the reasons stated above, the Magistrate Judge hereby RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

---

[4] The Amended Complaint also names "Mac Sims Butler 250 S McDonough St Montgomery, A[L] 36104" as a defendant (Doc. 6 at p. 1), which appears to be a reference to the Mac Sim Butler Detention Facility, *i.e.*, the county jail in Montgomery County, Alabama. Because the Mac Sim Butler Detention Facility is considered a state agency, it too is generally immune. *See Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

It is hereby ORDERED that objections to this Recommendation must be filed on or before January 27, 2023, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 13th day of January 2023.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**